UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROL WAYNE KRANTZ,        ) | |
| )| |
| Plaintiff,        ) | |
| )| |
| v.        ) | Civil Action No. 3:11 cv 01234-P |
| )| |
| AT&T, INC., CB RICHARD ELLIS        ) | |
| GROUP, INC., CB RICHARD ELLIS,        ) | |
| INC., and CBRE TECHNICAL        ) | |
| SERVICES, LLC,        ) | |
| )| |
| Defendants.        ) | |

**DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE
AND TO COMPEL ARBITRATION**

Defendant AT&T, Inc. ("AT&T"), CB Richard Ellis Group, Inc., CB Richard Ellis, Inc. and CBRE Technical Services, LLC (the CB Richard Ellis entities collectively shall be referred to as "CBRE") (CBRE and AT&T collectively shall be referred to as "Defendants") hereby move this Court to dismiss Plaintiff Carol Wayne Krantz's ("Krantz") Original Complaint ("Complaint") without prejudice for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

In July 2009, CBRE extended an offer of employment to Krantz by way of a letter agreement (the "Agreement"). The Agreement contained an arbitration clause requiring the parties to arbitrate all disputes, including "all claims arising from or related to [Krantz's] employment…including, but not limited to, claims for wages or other compensation due; and claims for violation of any federal, state or governmental law, statute, regulation or ordinance."

1

(Appx., pp. 6-7.)  Krantz executed the Agreement on July 11, 2009.  (*Id.*)  The Agreement is valid and enforceable, and Krantz should be compelled to arbitrate his dispute with CBRE.

  Similarly, AT&T can compel Krantz to arbitrate notwithstanding that it was not a signatory to the Agreement.  Under the doctrine of equitable estoppel, Krantz is obligated to arbitrate with AT&T under the direct benefits test, as well as the intertwined-claims test.  Because Krantz directly received substantial benefits pursuant to the Agreement, he is estopped from claiming that a non-signatory to the Agreement may not enforce the arbitration clause.  *In re Polymerica, LLC,* 271 S.W.3d 442, 449 (Tex. App. 2008).  Similarly, under the intertwined-claims test Krantz is estopped from repudiating the Agreement because his claims for alleged failure to pay overtime are intertwined with and dependent upon the contract containing the arbitration provision.  *Grigson v. Creative Artists Agency, L.L..C.,* 210 F.3d 524, 525 (5th Cir. 2000).  The intertwined-claims test is especially applicable in situations such as this one where the plaintiff has charged that the Defendants engaged in interdependent and concerted conduct.  *Id.* at 528.  Under either theory of estoppel, AT&T should be permitted to compel Krantz to arbitrate his wage claims.

  For these reasons, and as detailed more fully in Defendant's Brief in Support of Motion to Dismiss Without Prejudice and To Compel Arbitration filed concurrently herewith, the Complaint should be dismissed without prejudice, and Krantz should be ordered to arbitrate his claims against all Defendants.  Alternatively, Defendants respectfully request that the Court stay proceedings and order all parties to proceed in arbitration.

              GREENBERG TRAURIG, LLC

              By:   s/ *Hugh Hackney*

Hugh Hackney
State Bar No. 08760000
Katherine L. Elsbernd
State Bar No. 24062712
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
hackneyh@gtlaw.com

Michael D. Karpeles
*Pro Hac Vice Application Pending*
karpelesm@gtlaw.com
Ruth A. Bahe-Jachna
*Pro Hac Vice Application Pending*
baher@gtlaw.com
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

**ATTORNEYS FOR DEFENDANTS AT&T, INC., CB RICHARD ELLIS GROUP, INC., CB RICHARD ELLIS, INC., AND CBRE TECHNICAL SERVICES, LLC**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of these documents via the Court's CM/ECF system per Local Rule CV-5.1(d).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 15th day of July, 2011.

                                                     *s/ Hugh Hackney*
                                                      Hugh Hackney

*CHI 61,357,547 V2 7-15-11*